Parker C. J.
The general question is, whether the personal property of minors, who are under guardianship, is liable to taxation in the Da|,;sh of which their father was a member *512 when he died and within the bounds of which they continue iu reside with their mother, or in another parish, in the same town, of which the guardian is an inhabitant and member And we are clearly of opinion that such property is to be taxed to the guardian by the parish within which he dwells and of which is a member. That it is to be taxed to the guardian and not to the minor, or at least that it may be properly taxed to the guardian, is settled in the case of Payson V. Tufts, 13 Mass. R. 492. And that the parish to which the guardian be longs has a right to the tax, follows from the provisions of Si 1786, c. 10, § 3.
The personal property of minors must be presumed to be in the actual custody or under the control of the guardian, and is therefore in the parish where he dwells. We do not find that any subsequent statute has expressly or by implication repealed this, those which provide for a removal from one parish or religious society to another having no bearing on the question. The minors cannot be members of any parish, in the sense of the law, in regard to taxation, having no voice in parish affairs , and though they may attend public worship in a different parish from their guardian, still their personal property is not there, nor are they to be taxed on account of it.[1]

Judgment of Court of Common Pleas reversed.

 See Revised Stat. c. 7, § 6,10.